FILED
SUPERIOR COURT
OF GUAM

2025 JUL 23 PM 4:35

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| EUNMI PARK and GREENCORP,<br><br>Plaintiffs,<br><br>vs.<br><br>LINE CORPORATION,<br><br>Defendant. | CIVIL CASE NO. <u>CV0337-24</u><br><br>**DECISION AND ORDER GRANTING MOTION FOR JUDICIAL NOTICE** |

Plaintiffs Eunmi Park and Greencorp move for the Court to take judicial notice of the Seoul High Court's final judgment related to this matter and move for the court to recognize the judgment for reasons of international comity. Specifically, Plaintiffs request the Court: 1) take judicial notice of the January 24, 2024 judgment of the Seoul High Court, 2) recognize the Korean judgment pursuant to the principles of international comity, 3) confirm that Greencorp made substantial capital investments in Line Corporation, 4) confirm that the securities transfer agreement dated January 2, 2007 is invalid and without legal effect, and 5) allow Plaintiffs to proceed with adjudication of their ownership interests in Defendant Line Corporation in this action. Line opposes this motion, arguing that Plaintiffs seek more than recognition but to enforce the Korean decision on the issues governing Line Corporation, a Guam entity who was not party to the Korean litigation. Upon review of the supporting materials, the Court GRANTS Plaintiff's Motion and takes judicial notice of the Seoul High Court's 2024 Judgment, however it recognizes the truth of the facts only as it relates to matters fully adjudicated by the Seoul High Court.



## I.   <u>PROCEDURAL BACKGROUND</u>

Greencorp filed suit against Changseok An in the Republic of Korea regarding ownership of Line. The Korean proceedings resulted in a final judgment on January 24, 2024, which declared a 2007 Securities Transfer Agreement invalid. Decl. Counsel & Submission of Decl. of Hyun Suk Kim at 2 (June 11, 2025). The 2024 Judgment was based on the Seoul High Court's review of the record from the trial proceedings at the District Court. *Id.* An appealed the 2024 Judgment, however the Supreme Court did not accept the appeal. *Id.* at 3. This rendered the Seoul High Court's judgment final and not subject to further review or modification. *Id.*

The 2024 Judgment determined that a 2007 Securities Transfer Agreement between Park and An was invalid due to fraud. It determined that the Agreement was conducted as business activity in Korea and as such, the laws of Korea governed. Mot. Judicial Notice, Ex. A. at 15 (Apr. 30, 2025). The Seoul High Court, however, dismissed claims to confirm shareholder rights because it determined that it did not have adequate jurisdiction to assess the validity of the First and Second Amendments to the Articles of Incorporation of Line given that Line is incorporated in Guam. *Id.*, Ex. A at 14.

Following the Korea court Judgment, Plaintiffs next filed this suit against An and Line on June 11, 2024, seeking declaratory and injunctive relief. Compl. (June 11, 2024). Specifically, Plaintiffs requested an Order declaring that Greencorp holds a 99.99% interest in Line, enjoining An from taking corporate action, and for other relief. This Court has dismissed An as a defendant without prejudice due to ineffective service of process. Dec. & Order Granting Mot. Dismiss (July 11, 2025).



## II. LAW AND ANALYSIS

Plaintiffs ask this Court to take judicial notice of the notarized and certified English translation of the 2024 Judgment and to recognize the 2024 Judgment under the principles of international comity. They argue that recognition under international comity is warranted because there is substantial overlap between the parties in the Korean proceedings and this proceeding, several of the parties are Korean individuals and entities, the transactions were executed and governed by Korean law, the Seoul High Court had proper jurisdiction and conducted fair proceedings, and the judgment is final. *Id.* at 4. They further argue that recognition will allow the Superior Court of Guam to adjudicate the proper ownership of Line consistent with the settled facts in the 2024 Judgment and prevent Line from attempting to relitigate issues already resolved. *Id.* at 5. They argue that this recognition would prevent contradictory determinations of factual issues and promote international judicial cooperation. Pls.' Reply in Supp. Mot. Jud. Not. at 5 (June 11, 2025). Plaintiffs state that they are not asking for enforcement of the Korean judgment but rather acknowledgment of the validity and finality of the Korean judgment. *Id.* at 2.

Line argues that Plaintiffs request more than notice and recognition, but to instead circumvent summary judgment and enforce the 2024 Judgment on Line who was not a party to the litigation in South Korea. With regards to judicial notice, it argues that Plaintiffs are asking this Court to "accept as true the facts contained in the Korea proceeding" and that it is improper to take judicial notice of the truth of the facts within other court documents. Def.'s Opp'n to Pls.' Mot. Jud. Not. at 3-4 (May 28, 2025). Line states that the facts in the Korean judgment are not settled, the decision is unclear, and the decision may not be final. *Id.* at 5. Accordingly, it argues that this court should only take judicial notice of the existence of the decision and not the



truth of the facts in the decision. Line ultimately requests the Court limit judicial notice to the fact that the judgment exists and that the Korean court reached the judgment based on the facts before that tribunal.

Line argues that international comity should not make a foreign court decision enforceable in Guam if the decision is inconsistent with American law or repugnant to public policy, that the Korean decision and certification of the English language translation is not sufficient because exhibits are missing, and that Plaintiffs have not established the Judgment is final. *Id.* at 9. It states that the Korean proceeding is not parallel to this case because it involved different parties and issues. *Id.* Further, it argues that because the questions in this proceeding involve Guam entities and laws, the Korean forum was inadequate and judicial efficiency will not be served. *Id.* Finally, Line argues that Plaintiffs are improperly requesting summary judgment through this motion. *Id.* at 10.

### A. Judicial Notice

The Court starts by addressing the issue of judicial notice. Guam Rule of Evidence 201 allows a court to take judicial notice of adjudicative facts. Specifically, 201(b) states that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Guam Supreme Court has held that Rule 201 "does not expressly prohibit taking judicial notice of another court's records, yet neither does the rule expressly allow it." *People v. Diaz*, 2007 Guam 3 ¶ 65. "In taking judicial notice, a court may only take judicial notice of the truth of facts in certain documents, *including past court orders, findings of fact and conclusions of law, and judgments*. As for all other submissions in the file, a court should only take judicial notice of the



fact of their existence, and not the truth of the facts within." *In re N.A.*, 2001 Guam 7 ¶ 58

(emphasis added).

Both parties have agreed that the Court has the authority to take judicial notice of the

2024 Judgment. However, the parties argue about whether the Court may take judicial notice of

truth of the facts within the Judgment. Here, the Court references the Guam Supreme Court's

decision in *In re N.A.* where it explicitly stated that the Court may take judicial notice of the truth

of facts in certain documents including judgments. Under this guidance, the Court disagrees

with Line in that it is limited to taking judicial notice of solely the existence of the judgment and

not the truth of the facts within.

Line cites numerous cases in arguing that it is improper for the Court to take judicial

notice of the truth of the facts within the judgment, which the Court now examines. Line's cited

authorities, however, did not involve judgments. *See, e.g., In re N.A.*, 2001 Guam 7 (documents

in a Petition for Persons in Need of Service file); *People v. Diaz*, 2007 Guam 3 (regarding taking

notice of entire case files)[1]; *People v. Corpuz*, 2019 Guam 1 (regarding taking judicial notice of

"documents" from two Superior Court cases that were not submitted as part of the Record on

Appeal). Line then goes on to state that courts can take judicial notice of foreign judgments but

cites *UPS Supply Chain Sols., Inc. v. Directed Elecs., Inc.*, 2022 WL 886128 (C.D. Cal. Jan. 20,

2022), in arguing that courts should not take judicial notice of the truth of the facts.[2] This case

---

[1] Additionally, Line cites *Diaz* in stating that courts are reluctant to take judicial notice of proceedings in other cases and in other courts, however this statement was about appellate courts. The court in *Diaz* states "we have never articulated the standard for determining when we may take judicial notice of matters that were not presented to the trial court." This Court believes the cited statement is not properly applicable to this proceeding as this Court is a trial rather than appellate court.

[2] Line also cites *Aldini AG v. Silvaco, Inc.*, 2022 U.S. Dist. LEXIS 242829, *25-26 (N.D. Cal.


ORIGINAL

took judicial notice of the existence of four Korean judicial decisions and took notice that the facts therein are the basis for those decisions, however it opted not to take judicial notice of the truth of the facts in the decisions. There, the court referenced *Gerritsen v. Warner Bros. Ent. Inc.,* 111 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015), in deciding not to take judicial notice of the truth of the facts. *Gerristen* dealt with a request to take judicial notice for a study from an internet site on identity theft and a list, also from an internet site, of data breach incidents reported in California in the last two years. The court determined that neither of these documents contained information "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination." *Id.* The court pursued an analysis of taking judicial notice of press releases and news articles. It ultimately determined that it could not take judicial notice of the requested materials because it was "irrelevant, for purposes of defendants' motion to dismiss, that the information in the press releases and news articles was publicly available." *Id.* at 1029-1030. From this, the Court does not interpret that the decision in *UPS Supply Chain Sols., Inc.* supports the notion that courts cannot take judicial notice of the truth of the facts in a foreign judgment, but rather that the court in that case opted not to, which is permitted under Rule 201. These cases further support this Court in its determination that it is permitted to take judicial notice of the truth of the facts presented in the 2024 Judgment.

The Court now turns to Line's arguments that the facts in the Korean judgment are not settled, the decision is unclear, and the decision may not be final. The Court disagrees with Line and finds that Line fails to support its assertion adequately. Beyond its claim that the exhibits the Seoul High Court relied upon are not supplied, it fails to point to specific examples of portions of

---

Aug. 3, 2022) to support this argument, however the Court was unable to access a copy of this decision.



the 2024 Judgment that are unsettled, unclear, or ambiguous. Def.'s Opp'n to Pls.' Mot. Judicial Notice at 5. Line argues that the Court cannot rely on the 2024 Judgment as there are questions to its finality, which requires a discussion on "what constitutes a final, conclusive, and enforceable judgment under the laws of the Republic of Korea." *Id.* at 6. Line cites *Drew v. Mta Taekwondo World, Inc.,* 2024 Cal. Super. LEXIS 54733, *5-7 (L.A. Cnty. Super. Ct. Mar. 18, 2024), which discusses how "different jurisdictions take different views of finality" such that "the fact that Defendants have submitted a purported judgment is alone insufficient to establish that it was also final in the sense that it was not appealable or subject to modification." Plaintiffs have provided a declaration from Hyun Suk Kim, an experienced lawyer licensed to practice in the Republic of Korea. Kim declares that she has reviewed the original 2024 Judgment and English translation and states that "the District Court and Seoul High Court had jurisdiction over the matter, and the proceedings followed Korean civil procedure," "after the Seoul High Court issued its judgment, there was a period for the parties to request a further appeal to the Korean Supreme Court," and that "An submitted a request, but the Supreme Court did not accept the Appeal." Decl. Counsel & Submission of Decl. of Hyun Suk Kim at 2. Kim states that based on her experience and knowledge, the judgment of the Seoul High Court is final and not subject to further review or modification under Korean law and that no more appeals or legal steps are available. *Id.* at 3. The Court finds that Kim's declaration provides adequate assurance that the 2024 Judgment is final and conclusive under the laws of the Republic of Korea.

The Court finds that it can take judicial notice of the 2024 Judgment and the truth of the facts in this Judgment. The Court further finds that the 2024 Judgment is sufficiently settled and final. Accordingly, the Court takes judicial notice of the 2024 Judgment and turns to an analysis


ORIGINAL

on the issue of international comity to determine whether it should take judicial notice of the truth of the facts contained therein.

### B. International Comity

To determine whether the Court should take judicial notice of the truth of the facts in the 2024 Judgment, the Court considers the parties' arguments with respect to international comity. International comity is an abstention doctrine under which a court with jurisdiction defers to the judgment of the foreign forum. *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1237 (11th Cir. 2004). The decision to grant comity is within a court's discretion, and the burden of proof to establish the propriety of comity is on the moving party. *Duff & Phelps, LLC v. Vitro S.A.B. de C.V.*, 18 F. Supp. 3d 375, 382 (S.D. N.Y. 2014). When deciding whether to defer to a foreign forum, the task of the court is "not to articulate a justification for the exercise of jurisdiction but rather to determine whether exceptional circumstances exist that justify the surrender of that jurisdiction." *Tarazi v. Truehope Inc.*, 958 F. Supp. 2d 428, 433 (S.D. N.Y. 2013).

Typically, questions of international comity arise when two proceedings are happening simultaneously, resulting in a party seeking a stay or dismissal based on the proceedings in the foreign forum. In coming to that determination, courts have considered numerous factors such as the similarity of parties and issues involved in the foreign litigation; the promotion of judicial efficiency; the adequacy of relief available in the alternative forum; issues of fairness to and convenience of the parties, counsel, and witnesses; the possibility of prejudice to any of the parties; and the temporal sequence of the filing of the actions. *Goldhammer v. Dunkin' Donuts, Inc.*, 59 F. Supp. 2d 248, 252-53 (D. Mass. 1999). Some courts have simplified this analysis to first look at U.S. interests (including the location of the conduct in question, the nationality of the



parties, the character of the conduct in question, the foreign policy interests of the United States, and any public policy interests), foreign interests, and the adequacy of the foreign forum. *Lawson v. Klondex Mines Ltd.*, 450 F. Supp. 3d 1057, 1073 (D. Nev. 2020). Courts have, however, determined that "the parallel proceeding rule applies only until a judgment is reached in one of the actions. After that point, the second forum is usually obliged to respect the prior adjudication of the matter. If the rules regarding enforcement of foreign judgments are followed there will seldom be a case where parties reach inconsistent judgments." *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 928-29 (D.C. Cir. 1984).

The Court finds the Nevada District Court's guidance in *Lawson v. Klondex Mines Ltd.*, 450 F. Supp. 3d 1057, insightful on this matter. *Lawson* addressed a motion to dismiss in conjunction with a request to take judicial notice of six documents, including an order from a Canadian court. When determining whether to take judicial notice of the Canadian order, the Nevada court stated that "because the Supreme Court of British Columbia's order [...] is directly related to the matters at issue in this case, and because, as the court finds below, international comity dictates that the court must give full and conclusive effect to the Canadian judgment, the court takes judicial notice of the order." *Id.* at 1071. Further in its international comity analysis the court states the Canadian judgment "will be given full and conclusive effect." *Id.* at 1080.

### 1. Similarity of Parties and Issues

The Court starts by determining whether there is sufficient similarity between the parties and issues, such that the 2024 Judgment directly relates to the matters at issue in this case. Line argues that the Korean proceeding and this proceeding are not parallel, and comity should not apply because the "Korean decision not only involved different parties, but it involved different issues." Def.'s Opp'n to Pls.' Mot. Judicial Notice at 9. Proceedings are parallel when



"substantially the same parties are litigating substantially the same issues simultaneously in two

fora." *Tarazi v. Truehope*, 958 F. Supp. 2d 428, 433 (S.D.N.Y. 2013). A finding of proceedings

being parallel does not require that the parties and issues be identical, however, they must be

"substantially the same." *Id.* at 434; *Royal and Sun Alliance Ins. Co. of Canada v. Century Inter.

Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006).

The parties in the Korean proceeding are Greencorp[3] as the Plaintiff and An as the

Defendant; here, the parties are Greencorp and Park as the Plaintiffs and Line as the Defendant.

Courts have held that the parties need not be identical, however the relevant test is whether the

parties are substantially similar. *Ole Media Management, L.P. v. EMI April Music, Inc.*, No. 12

Civ. 7249, 2013 WL 2531277, at *3 (S.D.N.Y June 10, 2013). "Generally, parties in two cases

are 'substantially similar' for the purposes of this analysis when they are affiliates or have a

similarly close relationship." *Tarazi*, 958 F. Supp. 2d at 434. Additionally, "parties are 'similar'

for the purposes of international comity when one party is a subsidiary of the other or one party

has a substantial ownership interest in the other." *Id.* (quoting *Credicom N.V. v. Colony

Credicom L.P.*, No 99 Civ. 10486, 2000 WL 282968, at *2 (S.D.N.Y Mar. 16, 2000)). Given

that Park was listed in the 2024 Judgment under Greencorp as the Representative Executive

Director, the Court believes that there is substantial similarity between the plaintiffs of the two

proceedings. At the time of the Korean proceedings An held 999,999 shares of Line and Park

held 1 share. Dec. & Order Granting Prelim. Inj. (Apr. 8, 2025).[4] Given that An has a

---

[3] The Court notes that the 2024 Judgment lists Eunmi Park as the Representative Executive
Director for the Plaintiff Greencorp. Mot. Judicial Notice, Ex. A at 2.

[4] Compare Compl. ¶¶ 6, 8, 11-15, 18-19, 21 (June 11, 2024) with Line Corp.'s Answer ¶ 1 (Sept.
18, 2024). Park verified the allegations in the Complaint.


ORIGINAL

"substantial ownership interest" in Line, the Court finds that the parties are substantially similar between the defendants for the purposes of international comity.

Line next argues that this proceeding and the Korean proceeding involve different issues. However, Line fails to specify how the issues are different. Def.'s Opp'n to Pls.' Mot. Judicial Notice at 9. Given that the 2024 Judgment deals with the 2007 Securities Transfer Agreement which Line relies upon in its Answer as a defense to recognizing Plaintiffs' ownership interests, the Court finds that there are substantial similarities in issues between the two proceedings for the purposes of international comity as it pertains to the matters adjudicated in the 2024 Judgment.

### 2. Deference to the Korean Judgment

As the Court has established that the parties and issues in both the Korean proceeding and this proceeding are substantially similar, the Court next determines whether to recognize the truth of the facts in the 2024 Judgment. The Court starts by first highlighting how the 2024 Judgment is specific primarily to the 2007 Securities Transfer Agreement. The Seoul High Court dismissed claims that dealt with the articles of incorporation of Line Corporation, as these issues are governed by Guam law. Thus, the Court's decision to recognize the truth of the facts in the 2024 Judgment under the principles of international comity extends solely to the issues adjudicated by the Seoul High Court.

As the 2024 Judgment has concluded, the Court believes it is appropriate to "respect the prior adjudication of the matter" and to give "full and conclusive effect" to the 2024 Judgment. *Laker Airways Ltd.*, 731 F.2d at 929; *Lawson*, 450 F. Supp. 3d at 1075-76, 1080. Because of this, the Court finds it appropriate to recognize the truth of the facts within the 2024 Judgment. Plaintiffs request that the Court confirm that Greencorp made substantial capital investments in


ORIGINAL

Line Corporation, confirm that the securities transfer agreement dated January 2, 2007 is invalid and without legal effect, and allow Plaintiffs to proceed with adjudication of their ownership interests in Line Corporation in this action. The Court limits its recognition of the truth of the facts in the judgment as it pertains to issues adjudicated and decided by the Seoul High Court, mainly as it pertains the validity of the 2007 Securities Transfer Agreement. The Court finds that this includes the final order in the 2024 Judgment that "the foreign currency securities transfer agreement dated January 2, 2007 regarding the overseas investment in foreign currency securities of Line Corporation, a local company in Guam, is invalid" and the accounting of financial investments made in Line. Mot. Judicial Notice, Ex. A at 1, 5-8.

## III. CONCLUSION AND ORDER

The Court finds that it can take judicial notice of the existence of the 2024 Judgment and truth of the facts therein from the Seoul High Court. The parties and issues presented in the Korean proceeding and this proceeding are substantially similar such that it is appropriate under the principles of international comity to defer to the 2024 Judgment. However, this deference is limited to matters adjudicated by the Seoul High Court, and as such finds that the 2007 Securities Transfer Agreement is invalid.

**SO ORDERED, 23 July 2025.**

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Shannon Taitano, Esq., Camacho & Taitano LLP, for Plaintiffs Eunmi Park and Greencorp
Michael J. Berman, Esq., Berman Law Firm, for Defendant Line Corporation

